IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NORA PULIDO,

    Plaintiff,                      CIV S-05-0678 FCD JFM PS

    v.

UNITRIN, INC., ET AL.,

    Defendants.                  ORDER

_____/

        Defendants' motion to dismiss came on regularly for hearing on December 8, 2005, at 11:00 a.m. in courtroom # 8. Plaintiff Nora Pulido appeared in propria persona. Peter Meshot made a special appearance for defendants. Upon review of the motion and the documents in support and opposition, upon hearing the arguments of plaintiff and counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        On September 19, 2005, plaintiff was ordered to effect service and file a return of service within thirty days. On November 3, 2005, findings and recommendations issued recommending this action be dismissed for plaintiff's failure to effect service and file the return of service by October 19, 2005.

/////

1  On October 20, 2005, defendants filed a motion to dismiss this case for plaintiff's failure to accomplish service of process.  On October 28, 2005, plaintiff filed a certificate of service attesting to personal service of process on David Pipper, Vice President of Unitrin, Inc., at 8360 LBJ Freeway, Suite 400, Dallas, Texas  75243 on September 14, 2005.

Plaintiff has filed objections to the findings and recommendation, acknowledging her filing was untimely under the court's order, but states as a full-time employee and mother, she was unable to file the certificate of service until October 28, 2005, but notes that service of process was accomplished on September 14, 2005, within the time frame required by the court.

Defendants have filed a reply.  Despite plaintiff's certificate of service, defendants' counsel states that the address where Mr. Pipper was served is not Unitrin, Inc.'s office.  It is the office for Unitrin Speciality Services.  Defendants further state that Mr. Pipper is not the vice president of Unitrin, Inc.  He is an employee of Unitrin Speciality Services and, to counsel's understanding, Mr. Pipper is not a designated or registered agent for service of process for Unitrin, Inc.

On December 7, 2005, plaintiff filed a declaration of the process server in support of her objections to dismissal of this action.  The process server stated he has served Unitrin, Inc. numerous times at the Dallas address above and the last time he served then-Vice President Pete Hansen at that location, service of process was not contested.  (Id. at 2.)

At the hearing, plaintiff submitted a copy of a document dated July 29, 2003, and entitled "Premium Refund," to which was attached a check in the amount of $915.00; the memo portion reads: "Cancellation Refund."  (Pl.'s Ex. A.)  The name of the insurance company on this document is "Unitrin Direct, P.O. Box 9602, Vista, California  92085."  (Id.)  After hearing from plaintiff and Mr. Meshot, it appears that service of process has not been accomplished on defendant Unitrin Direct Insurance Company.

/////

/////

1   The records of the California State Insurance Commissioner[1] show that Unitrin
2 Direct Insurance Company is licensed to do business in the state of California and its registered
3 agent for service of process is:
4   Jere Keprios
    CT Corp. System
5   818 W. 7th Street, 2nd Floor
    Los Angeles, CA  90017
6
7   As noted in this court's last order, the court may, in its discretion, extend the time
8 for service of process "even without a showing of good cause." <u>United States v. 2,164 Watches,</u>
9 <u>More or Less, Bearing a Registered Trademark of Guess?, Inc.</u>, 366 F.3d 767, 772 (9th Cir.
10 2004)(citations omitted). <u>See also</u> Fed. R. Civ. P. 4(m) advisory committee's note (1993
11 amendments) (Rule 4(m) "explicitly provides that the court shall allow additional time if there is
12 good cause" . . . and authorizes the court to relieve such failure "even if there is no good cause
13 shown. . .").
14   Because plaintiff is proceeding pro se and has made good faith efforts to
15 accomplish service on defendants and her efforts have been frustrated by the confusion
16 surrounding Unitrin's "family of insurance companies," plaintiff will be granted another
17 extension of time in which to accomplish service of process on Unitrin Direct Insurance
18 Company.
19   In light of the above, this court will vacate the November 3, 2005 findings and
20 recommendations and grant plaintiff sixty days in which to accomplish service of process on
21 defendant Unitrin Direct Insurance Company.[2] Plaintiff is cautioned that failure to timely
22 comply with this order will result in a recommendation that this action be dismissed. The court

---

[1] The court may take judicial notice of public records. Fed. R. Evid. 201. The Commissioner's phone number is 800-927-4357.

[2] Plaintiff shall not wait until the end of the sixty day period in which to attempt service on defendant Unitrin Direct and may, of course, accomplish service earlier than sixty days.

3

will hold defendant Unitrin, Inc.'s motion to dismiss in abeyance pending response from Unitrin Direct Insurance Company.

Accordingly, IT IS HEREBY ORDERED that:

1. The November 3, 2005 findings and recommendations are vacated;

2. Defendants' October 20, 2005 motion to dismiss is held in abeyance;

3. Within sixty days from the date of service of this order, plaintiff shall file a return of service indicating service of process in compliance with Federal Rule of Civil Procedure 4(h) and service of a copy of this order on defendant Unitrin Direct Insurance Company; and

4. This matter is set for scheduling conference on March 2, 2006 at 11:00 a.m. before the undersigned.

DATED: December 14, 2005.

UNITED STATES MAGISTRATE JUDGE

/01; pulico.4h2